SARAH S. VANCE, Chair
Before the Panel:* Plaintiffs in fifteen of the actions listed on Schedule A pending in seven districts move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Ohio or, alternatively, the Western District of Missouri. Plaintiffs in more than 30 actions support centralization in one or both of these districts. Plaintiffs' motion involves 53 actions pending in 21 districts, as listed on Schedule A.[1] The Panel also has been notified of 69 potentially-related actions ("potential tag-along actions") pending in 27 districts.[2]
Movants take the position that the MDL should not include cases involving the Bard Composix Kugel Hernia Patch ("CK Patch"). Defendants C.R. Bard, Inc. and Davol Inc. do not oppose centralization of litigation involving their polypropylene hernia repair products, but only if all such products (including the CK Patch) are included in centralized proceedings. Defendants suggest the District of New Jersey or the Southern District of New York or, alternatively, the Eastern District of New York, the District of Rhode Island, or the Eastern District of Louisiana as transferee district. Plaintiff in one potential tag-along action opposes inclusion of the CK Patch cases.[3] In reply, movants argue that the transferee court should determine whether the MDL should include CK Patch cases.
On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Southern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All of the actions share common factual questions arising out of allegations that defects in defendants' polypropylene hernia mesh products can lead to complications when implanted in patients, including adhesions, damage to organs, inflammatory and allergic responses, foreign body *1381 rejection, migration of the mesh, and infections. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.
Whether to include the CK Patch cases in centralized proceedings is a question not currently before the Panel, as none of the cases on the motion involve the CK Patch. We will address this question in due course through the conditional transfer order process.
We find that the Southern District of Ohio is an appropriate transferee district. It is centrally located geographically, making it a convenient forum for this nationwide litigation. Eight actions are pending in this district, six of them before Judge Edmund A. Sargus, an experienced transferee judge who will steer these cases on a prudent course.
IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of Ohio are transferred to Southern District of Ohio and, with the consent of that court, assigned to the Honorable Edmund A. Sargus for coordinated or consolidated pretrial proceedings.
SCHEDULE A
MDL No. 2846 - IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION
District of Arizona
BOURLOKAS v. DAVOL INCORPORATED, ET AL., C.A. No. 2:18-00615
Eastern District of California
SILBER, ET AL. v. DAVOL, INC., ET AL., C.A. No. 1:18-00479
GRESCHNER v. CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, ET AL., C.A. No. 2:15-01663
HANSEN v. DAVOL, INC., ET AL., C.A. No. 2:18-00495
Southern District of Florida
DAWSON-WEBB v. DAVOL, INC., ET AL., C.A. No. 0:17-62012
BARBAREE v. DAVOL, INC., ET AL., C.A. No. 9:18-80243
Central District of Illinois
MCGINNIS v. C.R. BARD, INC., ET AL., C.A. No. 1:16-01255
Northern District of Illinois
COLEMAN v. DAVOL, INC., C.A. No. 1:18-01706
Eastern District of Kentucky
MOORE v. C.R. BARD, INC., ET AL., C.A. No. 0:17-00132
Western District of Kentucky
WHITEHOUSE v. DAVOL, INC., ET AL., C.A. No. 3:18-00020
Eastern District of Louisiana
STIPELCOVICH v. C.R. BARD, ET AL., C.A. No. 2:17-09656
MCMANUS v. C.R. BARD, ET AL., C.A. No. 2:17-11836
BAPTIST v. C.R. BARD, INC., ET AL., C.A. No. 2:17-12718
ROBERTS, SR., ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:17-13657
Eastern District of Louisiana (Cont.)
SANDERS, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02884
Southern District of Mississippi
DOVE v. DAVOL, INC., ET AL., C.A. No. 3:18-00003
*1382 Eastern District of Missouri
GREENWOOD v. DAVOL, INC., ET AL., C.A. No. 2:17-00039
BROYLES v. DAVOL, INC., ET AL., C.A. No. 4:18-00513
Western District of Missouri
COUSSAS v. DAVOL, INC., ET AL., C.A. No. 2:18-04015
POWELL v. DAVOL, INC., ET AL., C.A. No. 3:18-05019
LYON v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00039
ELI v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00116
ELLIOT v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00125
HEILI v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00130
MANUEL v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00131
POWELL v. DAVOL, INC., ET AL., C.A. No. 4:18-00156
SCHAPELER v. DAVOL, INC., ET AL., C.A. No. 4:18-00169
CHRISSAN v. C.R. BARD, INC., ET AL., C.A. No. 4:18-00171
ROWE v. C.R. BARD, INC., ET AL., C.A. No. 6:18-03019
LEE v. C.R. BARD, ET AL., C.A. No. 6:18-03075
District of New Jersey
OGLE v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00819
BURGESS v. C.R. BARD, INC., ET AL., C.A. No. 2:18-01390
SPENCER v. C.R. BARD, INC., ET AL., C.A. No. 2:18-01692
GALLOW v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02533
VOLPE v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02602
ZEMKO v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02742
NEWLAND, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-02915
District of New Mexico
NANCE v. C.R. BARD, INC., ET AL., C.A. No. 1:18-00003
Eastern District of New York
FURLEITER v. DAVOL, INC., ET AL., C.A. No. 2:18-01229
Northern District of Ohio
KNAUSS, ET AL. v. DAVOL, INC., ET AL., C.A. No. 3:18-00316
Southern District of Ohio
LANE v. DAVOL, INC., ET AL., C.A. No. 2:18-00164
CURREY v. DAVOL, INC., ET AL., C.A. No. 2:18-00222
ABSHIRE, ET AL. v. DAVOL, INC., ET AL., C.A. No. 2:18-00268
Eastern District of Pennsylvania
WROTEN, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:17-04546
GORDON v. C.R. BARD, INC., ET AL., C.A. No. 2:17-04553
District of South Carolina
BROWN v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00580
CAMPBELL, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00581
ADAMS v. C.R. BARD, INC., ET AL., C.A. No. 2:18-00582
BRUGGER, ET AL. v. C.R. BARD, INC., ET AL., C.A. No. 3:17-00228
Middle District of Tennessee
TERRELL v. C.R. BARD, INC., ET AL., C.A. No. 3:17-01575
*1383 Eastern District of Texas
WILLIAMS v. DAVOL, INC., ET AL., C.A. No. 1:18-00151
Southern District of Texas
BECERRA v. C.R. BARD, INC., ET AL., C.A. No. 1:18-00023
Southern District of Texas (Cont.)
WADE v. DAVOL, INC., ET AL., C.A. No. 4:18-01112

Judge Lewis A. Kaplan and Judge Ellen Segal Huvelle took no part in the decision of this matter.

Two additional actions included in the motion for centralization have been dismissed.

See Panel Rules 1.1(h), 7.1, and 7.2.

Plaintiffs in two additional potential tag-along actions initially opposed inclusion of the CK Patch cases but withdrew their opposition and now support centralization of all actions in the Southern District of Ohio.